**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUKOIL NORTH AMERICA LLC, successor in interest to Getty Petroleum Marketing, Inc., <br><br> Plaintiff, <br><br> v. <br><br> TURNERSVILLE PETROLEUM INC., successor to N.B. Oil Inc. by assignment, and SURINDER BINDRA, <br><br> Defendants. | Case No.: 1:14-cv-03810-RMB-AMD <br><br> Motion Date: November 17, 2014 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
PLAINTIFF, LUKOIL NORTH AMERICA LLC, TO DISMISS
<u>COUNTERCLAIMS OF DEFENDANT TURNERSVILLE PETROLEUM INC.</u>**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.   FACTUAL BACKGROUND .............................................................................................1

      A.    Factual History.........................................................................................................1

           1.    The Franchise Agreement............................................................................1

           2.    The Termination of the Franchise Agreement ............................................2

      B.    Procedural Posture ..................................................................................................3

III.  STANDARD OF REVIEW .................................................................................................3

IV.  LEGAL ARGUMENT.........................................................................................................4

      A.    Turnersville's State Law Counterclaims (Counts I, II, III And IV) Are Preempted By The PMPA And Should Be Dismissed. ..........................................4

      B.    Even If Preemption Does Not Apply, Turnersville's Counterclaims For Breach Of Contract (Count I), Violation Of The U.C.C. (Count II) and Breach of the Duty Of Good Faith And Fair Dealing (Count III) Should Be Dismissed For Failure To State A Claim. ................................................................6

           1.    Turnersville's Counterclaim For Breach Of Contract (Count I) Should Be Dismissed. ..........................................................................................6

           2.    Turnersville's Counterclaim For Violation Of The U.C.C. (Count II) Should Be Dismissed. ..................................................................7

           3.    Turnersville's Counterclaim For Breach Of The Duty Of Good Faith And Fair Dealing (Count II) Should Be Dismissed. ..................................10

V.   CONCLUSION..................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ................................................................................................ 3, 6, 7

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ...................................................................................................... 3, 4

Callahan, et al. v. Sunoco, Inc.,
    2005 WL 994615 (E.D. Pa., April 28, 2005) ..................................................................... 8

Casserlie v. Shell Oil Co.,
    121 Ohio St.3d 55 (2009) ................................................................................................ 8

Coyle v. Englander's,
    488 A.2d 1083 (N.J. App. Div. 1985) ............................................................................... 6

Eastern Air Lines, Inc. v. McDonnell Douglas Corp.,
    532 F.2d 957 (5th Cir.1976) ............................................................................................. 9

In re: Ford Motor Co. Ignition Switch Products Liab. Litig.,
    Nos. 96–3125, 96–1814, 96–3198, 2001 WL 1266317 (D.N.J. 1997) ............................. 8

James v. City of Wilkes-Barre,
    700 F.3d 675 (3d Cir. 2012) ............................................................................................. 3

Joc, Inc. v. Exxonmobil Oil Corp.,
    No. 08–5344, 2010 WL 1380750 (D.N.J. April 1, 2010) ............................................. 8, 9

Kehm Oil Co. v. Texaco, Inc.,
    537 F.3d 290 (3d Cir. 2008) ............................................................................................. 4

Maio v. Aetna, Inc.,
    221 F.3d 472 (3d Cir. 2000) ............................................................................................. 3

O'Shea v. Amoco Oil Co.,
    886 F.2d 584 (3d Cir. 1989) ............................................................................................. 4

Pension Benefit Guaranty Corp v. White Consolidated Industries,
    998 F.2d 1192 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) .................................. 2

Simmons v. Mobil Oil Corp.,
    29 F.3d 505 (9th Cir.1994) ........................................................................................... 4, 5

Slack v. Suburban Propane Partners, L.P.,
    No. 10-2548, 2010 WL 5392845 (D.N.J. Dec. 22, 2010) ............................. 3, 6, 8, 9, 10

T.A.M., Inc. v. Gulf Oil Corporation,
    553 F.Supp. 499 (E.D. Pa. 1982) ......................................................................................8

Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.,
    275 F. Supp. 2d 543 (D.N.J. 2003) ..................................................................................6

Wilson v. Amerada Hess Corp.,
    773 A.2d 1121 (N.J. 2001) .........................................................................................8, 10

**STATUTES**

15 U.S.C. §2801-2841 ...........................................................................................................1

15 U.S.C.A. § 2806(a) ........................................................................................................4, 6

N.J.S.A. 12A:2–305(1) and (2) ............................................................................................7, 9

N.J.S.A. 12A:2–607 .............................................................................................................8, 9

Uniform Commercial Code .............................................................................................. passim

Section 2–607 of the U.C.C. ................................................................................................8, 9

Section 2–305 of the U.C.C. ................................................................................................7, 8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 3, 7, 8

## I. INTRODUCTION

In this action, Plaintiff LUKOIL North America LLC ("LNA" or "Plaintiff") asserts Lanham Act and breach of contract claims against Turnersville Petroleum Inc. ("Turnersville" or "Defendant") and Surinder Bindra. In its Answer, Defendant Turnersville, in an attempt to avoid a determination of the valid claims asserted by LNA in this action, has put together a set of vague Counterclaims alleging that LNA is liable for: (1) breach of contract (Count I); (2) a violation of the Uniform Commercial Code (Count II); (3) breach of the duty of good faith and fair dealing (Count III); and (4) a violation of the New Jersey Franchise Practices Act (Count IV).[1] This Court can and should dismiss Turnersville's Counterclaims for two reasons. *First*, at their core, Turnersville's Counterclaims relate to LNA's termination of the Franchise Agreement and are therefore preempted by the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §2801-2841. *Second*, even if this Court determines that these state law claims are not preempted, such claims fail under the standards articulated in Federal Rule of Civil Procedure 12(b)(6), because the claims are conclusory and devoid of factual support.

## II. FACTUAL BACKGROUND

### A. Factual History

#### 1. The Franchise Agreement

LNA enters into business relationships with franchisees to distribute LUKOIL brands of motor fuel to the public. See Complaint ("Compl.") at ¶ 1. LNA, through its predecessor in interest, Getty Petroleum Marketing Inc., and Turnersville, successor to N.B. Oil Inc. by assignment, were parties to a PMPA Franchise Agreement, having an effective date of June 1,

---

[1] Defendant Surinder Bindra does not assert any counterclaims in the joint Answer with Defendant Turnersville. See Answer at ¶ 1.

2005 (the "PMPA Franchise Agreement") and related and additional agreements, including the Open Dealer/Reseller Additional Provisions and the Maintenance and Information Services Agreement (the PMPA Franchise Agreement, together with all related and additional agreements, hereinafter, the "Franchise Agreement").[2]  See Compl. at ¶ 15; Answer at ¶ 6.

### 2.     *The Termination of the Franchise Agreement*

In its Complaint, LNA alleges that Turnersville has since breached material and reasonable terms of the Franchise Agreement by failing to use good faith and best efforts to maximize the sale of products at the marketing premises, failing to purchase motor fuel from LNA and maintain an adequate inventory of motor fuel to serve the needs of the motoring public, failing to pay LNA in a timely manner, and willfully adulterating, mislabeling and/or misbranding motor fuels and committing other trademark violations.  See Compl. ¶ 18.  Based on Turnersville's failure to comply with the terms of the Franchise Agreement, on August 27, 2013, LNA notified Turnersville by letter of its intention to terminate the Franchise Agreement (the "August 27, 2013 Letter").  See Compl. ¶ 20.  The relationship under the Franchise Agreement between LNA and Turnersville ended effective November 26, 2013.  See Compl. ¶ 21.

All of the facts contained in Turnersville's Counterclaims relate to the grounds for termination of the Franchise Agreement and, therefore, all of Turnersville's alleged claims are governed by the PMPA.

---

[2] The Court may consider the Franchise Agreement between LNA and Turnersville without converting this motion to dismiss into a motion for summary judgment because it was referenced and relied on in Turnersville's Answer and Counterclaims.  See Pension Benefit Guaranty Corp v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

**B.     Procedural Posture**

On June 13, 2014, LNA filed its Complaint in this Court.  On September 12, 2014, Turnersville and Bindra filed their Answer, including Turnersville's Counterclaims.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a plaintiff to file a motion to dismiss counterclaims for failure to state a claim upon which relief can be granted.  In ruling on such a motion, courts utilize a "plausibility" standard, and claimants must "raise their right to relief . . . above the speculative level."  Slack v. Suburban Propane Partners, L.P., No. 10-2548 JLL, 2010 WL 5392845, *4 (D.N.J. Dec. 22, 2010)  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  Under this standard, "the mere possibility of misconduct is not enough."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Rather, the claims must contain "factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."  Id. at 678.

Although a Court must view all allegations stated in the Counterclaims as true when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), such deference need not be given to conclusory factual statements or legal conclusions.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Slack, 2010 WL 5392845, *10 (quoting Iqbal, 556 U.S. at 678).  Likewise, legal conclusions, deductions and opinions couched as factual allegations are not to be considered.  See James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012) (citing Twombly, 550 U.S. at 555).  In short, at the motion to dismiss stage, a court considers "whether the claimant is entitled to offer evidence to support the claims."  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

IV.  **LEGAL ARGUMENT**

    A.  **Turnersville's State Law Counterclaims (Counts I, II, III And IV) Are Preempted By The PMPA And Should Be Dismissed.**

Under the express language of the PMPA and well-established law in the Third Circuit, all of Defendant's state law Counterclaims are preempted by the PMPA because all of Defendant's claims involve the grounds for termination of a franchise agreement that are governed exclusively by the PMPA.  See 15 U.S.C.A. § 2806(a); Kehm Oil Company v. Texaco, Inc., 537 F.3d 290, 299 (3d Cir. 2008); see also O'Shea v. Amoco Oil Co., 886 F.2d 584, 592 (3d Cir. 1989) (The PMPA "preempts state laws that limit the permissible substantive reasons that a petroleum franchisor can terminate a franchisee.").  The Third Circuit has adopted the Eleventh Circuit's "intimate intertwined" test.  Id.  Thus, if as here, the claims are "intimately intertwined with the termination or nonrenewal of a franchise, they are preempted by the PMPA."  Id.[3]  In Kehm, the Third Circuit remanded the state law claims to the district court, stating: "[i]f the District Court decides to address the state law claims, it must decide whether Kehm's state law claims are so intimately intertwined with the nonrenewal of his franchise relationship with Texaco that they are preempted by the PMPA.  If so, the District Court should dismiss those claims."  Id.

In this case, all four of Turnersville's Counterclaims are intimately intertwined with the grounds for LNA's termination of the PMPA Franchise Agreement.  LNA terminated the Franchise Agreement, in large part, because Turnersville failed to maximize the sale of products and purchase motor fuel from LNA as required by the Franchise Agreement.  See Compl. ¶ 18.

---

[3] Notably, the Third Circuit favorably cited Simmons v. Mobil Oil Corp., 29 F.3d 505, 512 (9th Cir.1994) as holding a state law claim, premised on implied duty of good faith, was preempted by the PMPA because it concerned the termination of a petroleum franchise.  Kehm, 537 F.3d at 299.

Central to Turnersville's Counterclaims is the allegation that Turnersville's decline in sales volumes (grounds for termination) resulted from LNA setting "arbitrary and unreasonable" fuel prices.  See Answer ¶¶ 13, 17, 32, 33.[4]  Thus, intimately intertwined in Turnersville's Counterclaims is its dispute of LNA's grounds for termination of the Franchise Agreement.

But Turnersville has chosen the wrong vehicle for its challenge as it has failed to bring a claim for violation of the PMPA.  "Having failed to properly bring an action under the PMPA, [claimant] cannot recharacterize his claim as a state law claim[.]"  Simmons, 29 F.3d at 512.  Turnersville has failed to bring a counterclaim under the PMPA and should not be permitted to recharacterize its claim as state law claims.

There can be no dispute that Turnersville's claims for breach of contract, violation of the U.C.C., breach of the duty of good faith and fair dealing and violation of the New Jersey Franchise Practices Act (Counts I, II, III and IV) arise out of the same alleged facts and same alleged arguments with respect to termination of the Franchise Agreement as Turnersville's would-be claim for a violation of the PMPA.  As such, all of Turnersville's state law Counterclaims are preempted under 15 U.S.C.A. §2806(a)(1) and, accordingly, this Court should dismiss them.

---

[4] Counts I, II and III of Turnersville's Counterclaims incorporate the allegations from ¶¶ 1-18 and do not allege any additional facts other than to state, in a conclusory fashion, that "LNA's course of conduct violated" the Franchise Agreements, U.C.C. and duty of good faith and fair dealing.  See Answer at ¶¶ 19-20, 21-22, 23-24.  The insufficiency of this form of pleading is discussed later.

> **B. Even If Preemption Does Not Apply, Turnersville's Counterclaims For Breach Of Contract (Count I), Violation Of The U.C.C. (Count II) and Breach of the Duty Of Good Faith And Fair Dealing (Count III) Should Be Dismissed For Failure To State A Claim.**

Should this Court determine that preemption does not apply, the remaining state law claims should still be dismissed, because Turnersville's Counterclaims amount to "labels and conclusions" and "naked assertions devoid of further factual enhancement." Slack, 2010 WL 5392845, *10 (quoting Iqbal, 556 U.S. at 678). Turnersville's failure to allege facts sufficient to support its threadbare claims are fatal to its Counterclaims.

> *1. Turnersville's Counterclaim For Breach Of Contract (Count I) Should Be Dismissed.*

Turnersville fails to allege any facts to support its claim for breach of contract. To state a claim for breach of contract under New Jersey law, "defendant must prove the following elements: (1) a valid contract existed between plaintiff and defendant; (2) plaintiff breached the contract; (3) defendant performed its obligations under the contract; and (4) defendant was damaged as a result of the breach." Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 275 F. Supp. 2d 543, 566 (D.N.J. 2003) (citing Coyle v. Englander's, 488 A.2d 1083 (N.J. App. Div. 1985)).

Turnersville does not allege how LNA breached the Franchise Agreement. Rather, Turnersville only states that "LNA failed to set the price for fuel fairly or in good faith [and that] LNA's fuel prices were arbitrary and commercially unreasonable." See Answer at ¶ 13. As support for this assertion, Turnersville notes that "LNA often set its wholesale price close to, equal to, or even above the price being charged at retail by Turnersville's competitors." Id. at ¶ 14. In fact, under its actual Count I for breach of contract, Turnersville merely "repeats the allegations above" and summarily states "LNA's course of conduct violated the Franchise Agreement." Id. at ¶¶ 19-20. Turnersville does not even claim to have performed its obligations

under the contract as required by the above rule. This utterly vague and conclusory language is the exact type of allegation that fails under the pleading standard of F.R.C.P. 12(b)(6). See Iqbal, 556 U.S. at 679 (to survive a motion to dismiss under this standard, claimant must plead factual allegations sufficient to raise a right to relief above the speculative level).

Thus, as Turnersville fails to allege sufficient facts to state a plausible claim for breach of contract, this Court should dismiss Count I with prejudice pursuant to F.R.C.P. 12(b)(6).

### 2. *Turnersville's Counterclaim For Violation Of The U.C.C. (Count II) Should Be Dismissed.*

Turnersville's Count II is equally devoid of any facts sufficient to state a cause of action for a violation of the U.C.C. N.J.S.A. 12A:2–305, New Jersey's codification of section 2–305 of the Uniform Commercial Code (the "U.C.C.") provides in pertinent part that, in contracts containing open price terms, "the price is a reasonable price" N.J.S.A. 12A:2–305(1), and (2) "[a] price to be fixed by the seller or by the buyer means a price for him to fix in good faith." N.J.S.A. 12A:2–305(2).

The Franchise Agreement contains an open price term, and as such, Turnersville is required to pay LNA the price that is in effect at the time and place of delivery for motor fuel products sold and delivered to the Premises. Turnersville alleges that LNA violated the U.C.C. by "fail[ing] to set the price for fuel fairly or in good faith." Answer at ¶ 13. Turnersville also alleges that it "reasonably expected that LNA would set its fuel prices such that Turnersville could operate at a reasonable profit." Id. at ¶ 15. This allegation cannot support Turnersville's claim, for two reasons. First, Turnersville's contention that LNA failed to set the price for fuel in good faith is without any factual support in the Answer. Second, even if Turnersville alleged facts to support this contention, which it does not, Turnersville does not, and cannot, show that LNA had any obligation to set its prices in a manner such to guarantee that Turnersville makes a

7

profit. See Casserlie v. Shell Oil Co., 121 Ohio St.3d 55, 61 (2009) (holding that Shell Oil was not required to sell gasoline that is "profitable for buyers"). See also, Slack, 2010 WL 5392845 (quoting Wilson v. Amerada Hess Corp., 773 A.2d 1121 (N.J. 2001) ("[w]ithout bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance.")); Callahan, et al. v. Sunoco, Inc., 2005 WL 994615, at *5 (E.D. Pa., April 28, 2005) (quoting same); T.A.M., Inc. v. Gulf Oil Corporation, 553 F. Supp. 499, 509 (E.D. Pa. 1982) ("It is safe therefore, to conclude that the open price term, in addition to being necessary to accommodate a fluctuating market, was also acceded to by Plaintiffs").

Even assuming *arguendo* that Turnersville's allegations were supported by facts, which they are not, the allegations do not set forth any actual wrongdoing. Accordingly, Turnersville fails to plead sufficient facts to support its claim for violation of the U.C.C. and, therefore, Turnersville fails to the meet the plausibility standard. This Court should dismiss Count II with prejudice pursuant to F.R.C.P. 12(b)(6).

Moreover, Turnersville failed to allege that it complied with the notice requirements of Section 2–607 of the U.C.C. (or N.J.S.A. 12A:2–607) barring Turnersville from bringing a claim under Section 2–305. N.J.S.A. 12A:2–607 provides that, "[w]here a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." N.J.S.A. 12A:2–607. "Courts in this district have held that providing notice pursuant to this regulation is a condition precedent to filing any suit for breach of contract under Article 2 of the U.C.C." Slack, 2010 WL 5392845, *5 (citing In re: Ford Motor Co. Ignition Switch Products Liab. Litig., Nos. 96–3125, 96–1814, 96–3198, 2001 WL 1266317, * 14 (D.N.J. 1997); Joc, Inc. v. Exxonmobil Oil Corp., No. 08–5344, 2010 WL 1380750, at *5 (D.N.J. April 1, 2010)).

Generalized complaints about the price, with nothing more, do not amount to notice as required by 2-607. See id. (dismissing claim pursuant to N.J.S.A. 12A:2–305(2) where "Plaintiffs do not allege that they notified Suburban Propane that they believed their Customer Service Agreements had been breached as a result of the unreasonably high prices charged in connection therewith."); Joc, 2010 WL 1380750, at *5 (dismissing claim pursuant to N.J.S.A. 12A:2–305(2) where "Plaintiffs have not alleged in the Complaint that they notified Exxon that they believed their PMPA Agreements had been breached as a result of the high prices or resulting financial difficulties."); Eastern Air Lines, Inc. v. McDonnell Douglas Corp., 532 F.2d 957, 976 (5th Cir.1976) ("[T]he fact that the Code has eliminated the technical rigors of the notice requirement under the Uniform Sales Act does not require the conclusion that any expression of discontent by a buyer always satisfies section 2–607. . . . Thus, while the buyer must inform the seller that the transaction is 'still troublesome,' Comment 4 also requires that the notification 'be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation.'").

Here, Turnersville has not alleged that it notified LNA that it believed the Franchise Agreement had been breached as a result of the "unfair and unreasonable" price setting. Instead, Turnersville merely asserts that it "regularly, repeatedly, and within a reasonable time notified LNA that LNA's fuel prices were unfair and unreasonable, but LNA failed and refused to changes its ways." Answer at ¶ 18. Just as in Slack and Joc, this Court should dismiss Turnersville's Counterclaim for violation of the U.C.C. because its generalized complaints to LNA did not rise to the level of notification as required by N.J.S.A. 12A:2–607.

### 3. *Turnersville's Counterclaim For Breach Of The Duty Of Good Faith And Fair Dealing (Count II) Should Be Dismissed.*

Finally, Turnersville's claim for breach of the duty of good faith and fair dealing also fails to state a claim upon which this Court can grant relief. In an earlier opinion, the district court in Slack dismissed the same claim where the plaintiff only alleged the defendant "breached the covenant of good faith and fair dealing by exercising its purported discretionary price-making and fee-making authority under its residential propane contracts arbitrarily, unreasonably and/or capriciously, in bad faith, with the objective of preventing its residential propane customers from receiving their reasonably expected fruits under such contracts." Slack, 2010 WL 5392845. The court found that the complaint contained "no facts in support of its contention that Defendants exercised their discretionary price-making and fee-making authority in bad faith." Id. The district court cited Wilson v. Amerada Hess Corp., 773 A.2d 1121 (N.J. 2001) for the proposition that "[w]ithout bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance." Id.

Here, as in Slack, Turnersville claims that LNA breached its duty of good faith and fair dealing by setting prices that "were arbitrary and commercially unreasonable." Answer at ¶ 13. Turnersville's only support for its claim is that "LNA often set its wholesale price close to, equal to, or even above the price being charged at retail by Turnersville's competitors." Answer at ¶ 14. Once again, these bare assertions devoid of supporting factual allegations cannot support Turnersville's claim for breach of the duty of good faith and fair dealing, and this Court should grant LNA's motion to dismiss this claim.

### V. **CONCLUSION**

For all of the foregoing reasons, Plaintiff, LUKOIL North America LLC, respectfully requests this Court dismiss the Counterclaims of Defendant, Turnersville Petroleum, Inc., for

10

failure to state a plausible claim for relief for an alleged breach of contract (Count I), an alleged violation of the U.C.C. (Count II), an alleged breach of the duty of good faith and fair dealing (Count III) and an alleged violation of the New Jersey Franchise Practices Act (Count IV).

    Respectfully submitted,

/s/ Brett A. Berman
BRETT A. BERMAN (No. 204843)
LAUREN T. WINCHESTER (313644)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
bberman@foxrothschild.com
lwinchester@foxrothschild.com

*Attorneys for Plaintiff,*
*LUKOIL North America LLC*

Dated: October 16, 2014

11