NOT FOR PUBLICATION                        [Docket No. 38]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

LUKOIL NORTH AMERICA LLC,
successor in interest to Getty
Petroleum Marketing, Inc.,

         Plaintiff,

   v.

TURNERSVILLE PETROLEUM INC.,
successor to N.B. Oil Inc., by
assignment, and SURINDER
BINDRA,

        Defendants.

Civil No. 14-3810 (RMB/AMD)

**OPINION**

APPEARANCES:

Brett Berman
Lauren Winchester
Barry Muller
Christopher Kinkade
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
    Attorneys for Plaintiff

Shalom Stone
Lora Fong
Brown Moskowitz & Kallen, P.C.,
180 River Road 07901
Summit, New Jersey
    Attorneys for Defendants

**BUMB**, United States District Judge:

This matter comes before the Court upon a Motion by Plaintiff, Lukoil North America LLC ("LNA" or "Plaintiff"), to dismiss Counts I and II of the amended counterclaims filed by Defendant, Turnersville Petroleum Inc. ("Turnersville" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendant's motion will be denied.

I.   **Factual and Procedural Background[1]**

LNA, through its predecessor in interest, Getty Petroleum Marketing Inc., and Turnersville, successor to N.B. Oil Inc. by assignment, were parties to a Petroleum Marketing Practices Act ("PMPA") Franchise Agreement effective June 1, 2005, and related additional agreements (together referred to as the "Franchise Agreement").  Complaint at ¶ 15 [Docket No. 1].  LNA has the exclusive right to license and use in the United States the trademark "LUKOIL" and various related trade names, trademarks and services marks, logos and derivations thereof.  Id. at ¶ 9.

---

[1] As the Court writes only for the parties, it assumes the reader's familiarity with the facts and recites only those relevant to the decision herein.  A complete recitation of the facts of this case may be found in the Court's April 16, 2015 Opinion (the "April 2015 Opinion") [Docket No. 32].

Citing default, LNA terminated the franchise relationship with Turnersville effective on November 26, 2013.  Id. at ¶ 20.

On June 14, 2014, LNA filed its Complaint alleging breach of contract and violation of various sections of the Lanham Act. Id. at ¶¶ 24-54.  On September 12, 2014, Turnersville filed its Answer to the Complaint and asserted four counterclaims against LNA:

- Count I: breach of contract;
- Count II: violation of the Uniform Commercial Code ("U.C.C.");
- Count III: breach of duty of good faith and fair dealing; and
- Count IV: violations of the New Jersey Franchise Practices Act.

Counterclaim at ¶¶ 19-34 [Docket No. 12].

LNA subsequently moved to dismiss Turnersville's counterclaims, arguing that all claims are preempted by the PMPA and, in the alternative, arguing that Turnersville failed to state a claim under Counts I, II, and III.  On April 16, 2015, this Court granted the motion to dismiss without prejudice as to Counts I and II for failure to state a claim and denied the motion to dismiss as to Counts III and IV.  The Court gave Turnersville the opportunity to amend its counterclaims as to Counts I and II within twenty-one days.

Accordingly, Turnersville filed its First Amended Counterclaim on May 7, 2015 and LNA has now moved to dismiss Counts I and II with prejudice for failure to state a claim.

## II.  Standard

A motion to dismiss a counterclaim under Rule 12(b)(6) must be decided on the face of the counterclaim.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 835 (3d Cir. 2011).  The counterclaim has been adequately pled only "if it contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) ("disregard[ing] rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements" on motion to dismiss).

## III. Analysis

LNA argues that Counts I and II of Turnersville's Amended Counterclaim remain insufficiently pled and must be dismissed

under Rule 12(b)(6) for failure to state a claim.  The Court has
reviewed the parties' submissions and, for the reasons set forth
below, holds that Turnersville has pled facts sufficient to
withstand a motion to dismiss as to both Counts I and II.

    A. <u>Breach of Contract</u>

    To survive a motion to dismiss, Count I must adequately
plead each of the elements of a breach of contract.  <u>See</u> <u>Malleus</u>
<u>v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011) (citing <u>Iqbal</u>, 55
U.S. at 675).  Under New Jersey law, "[t]o state a claim for
breach of contract, [a plaintiff] must allege (1) a contract
between the parties; (2) a breach of that contract; (3) damages
flowing therefrom; and (4) that the party stating the claim
performed its own contractual obligations." <u>Frederico v. Home</u>
<u>Depot</u>, 507 F.3d 188, 203 (3d Cir. 2007); <u>Gordon v. United Cont'l</u>
<u>Holding, Inc.</u>, 73 F. Supp. 3d 472, 478 (D.N.J. 2014).

    In the April 2015 Opinion, this Court found that
Turnersville had adequately pled three of the four elements of a
breach of contract claim.  The Court, however, dismissed Count I
as originally pled because it contained "no allegations
discussing Turnersville's performance of its obligations under
the contract" and therefore failed to plead one of the essential
elements of the claim.  April 2015 Opinion at 17.  The Court gave

Turnersville the opportunity to amend its counterclaim to resolve this deficiency.

Turnersville's Amended Counterclaim now expressly alleges the missing element of the breach of contract claim.  Amended Counterclaim at ¶ 19 [Docket No. 35].  For purposes of a motion to dismiss, the pleading standard does not require Turnersville to plead detailed facts regarding each of the ways in which it has performed under the Franchise Agreement.[2]  Instead, the counterclaim simply "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  The Amended Counterclaim meets this standard, and LNA's motion to dismiss Count I shall be denied.

B. Uniform Commercial Code

LNA contends that Turnersville's Amended Counterclaim fails to adequately plead notice of breach as required by Section 2-607 of the U.C.C. or N.J.S.A. 12A:2-607(3) to state a cause of action

---

[2] The Court notes that the parties are required to make all allegations of fact in good faith under Rule 11.  With this in mind, the Court accepts Turnersville's sparse allegations as to its contractual performance as true in resolving this motion.  However, should the evidence establish that Turnersville did not perform each of its contractual obligations, the Court may revisit the issue of Turnersville's good faith in alleging such claims.

for a violation of the U.C.C. and therefore must be dismissed. Section 2-607 of the U.C.C. and N.J.S.A. 12A:2-607(3) provide, in relevant part, that "[w]here a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

Notice "need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. . . . The notification . . . need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." N.J.S.A. 12A:2-607(3), Comment 4.  Threats of litigation "or other resort to a remedy" need not be made.  Id.

While "buyers enjoy some degree of flexibility with respect to the form of notice that must be given," generalized complaints about price, without more, are insufficient to establish the requisite notice.  Slack v. Suburban Propane Partners, L.P., No. 10-2548, 2010 WL 5392845, at *5 (D.N.J. Dec. 22, 2010); JOC, Inc. v. ExxonMobil Oil Corp., No. 08-5344, 2010 WL 1380750, at *5 (D.N.J. Apr. 1, 2010) ("Generalized allegations that Exxon knew that these stations were struggling financially do not suffice as an assertion that notice of a breach of contract had been given.

7

Plaintiffs have not alleged in the Complaint that they notified Exxon that they believed their PMPA Agreements had been breached as a result of the high prices or resulting financial difficulties.").

Turnersville's allegations in its Amended Counterclaim recount more than mere generalized complaints as to LNA's pricing practices and its own financial struggles.  Rather, the Amended Counterclaim alleges that Turnersville "notified LNA that the situation was economically damaging, and that continuation of LNA's pricing practices was unacceptable."  Amended Counterclaim at ¶ 20.  As a result, LNA prepared an amendment to the Franchise Agreement that included "a new pricing schedule" and "revised the competitive allowance rates for gas," which Turnersville then executed.  Id. at ¶¶ 22, 25.  Taken together, the facts pled in the Amended Counterclaim sufficiently allege not only that Turnersville notified LNA that its pricing practices under the Franchise Agreement were "troublesome," but also that they were intolerable and "involve[d] a breach," which "open[ed] the way for normal settlement through negotiation."  N.J.S.A. 12A:2-607(3), Comment 4.  This Court holds that Turnersville has adequately pled notice as required under U.C.C. Section 2-607 and

N.J.S.A. 12A:2-607(3).  Accordingly, LNA's motion to dismiss
Count II shall be denied.

### C. Conclusion

For the reasons set forth above, the Plaintiff's motion to
dismiss will be denied.  An appropriate Order will issue on this
date.

s/Renée Marie Bumb_
RENÉE MARIE BUMB
United States District Judge

Dated:    September 16, 2015